## Case No. 13,010.

### SMITH v. BAKER.

[1 Ban. & A. 117; [1] 5 O. G. 496; 19 Int. Rev. Rec. 149; 10 Phila. 221; 31 Leg. Int. 126; 21 Pittsb. Leg. J. 141.]

Circuit Court, E. D. Pennsylvania. April 6, 1874.

EXECUTORS — REVIVOR — PATENTS — ENGLISH AND AMERICAN RULE—COURTS—FEDERAL EQUITY JURISDICTION.

1. Where the defendant, in a suit for an injunction to restrain the infringement of a patent and for an account, dies before the decree, his equitable liability as an infringer is not determined by his death, and a bill of revivor against his personal representatives will lie, to prevent the abatement of the suit.

2. The English rule, that, as, upon the death of the defendant, there can be no decree for an injunction, therefore there can be no decree for an accounting, because the equity for an account is incident to the injunction, is inapplicable to the equitable jurisdiction of the federal courts of the United States, conferred upon those courts by the patent laws, and especially since this jurisdiction has been amplified by the act of 1870 [16 Stat. 198], to embrace the allowance of damages in an equitable proceeding for infringement, which were before recoverable only at law.

[Cited in Gordon v. Anthony, Case No. 5,-605; Atwood v. Portland Co., 10 Fed. 284.]

In equity.

Horace Binney, 3rd, and George Harding, for complainant.

Lewis Stover and J. C. Fraley, for defendants.

McKENNAN, Circuit Judge. The complainant's original bill prayed for an injunction and an account of profits derived by the defendant, Samuel Baker, from the alleged infringement of a patent therein described. Before any decree was rendered, Samuel Baker died, and the present bill is filed against his personal representatives to revive the original suit, to the end that they may be required to account for the profits so received by their intestate. To this bill the defendants have demurred, on the ground that, by the death of the defendant, the original bill abated and cannot be revived, because the cause of action springing from a

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

tort committed by him does not survive against his personal representatives.

At common law all actions for personal wrongs abate by the death of either of the parties. But, the rule is operative upon the form, rather than upon the cause of the action. While, therefore, personal actions in which the general issue is, "not guilty" are ended by the death of either party, yet where, by means of the wrong, the wrong-doer has acquired beneficial property, an action will survive by or against the personal representatives of the deceased party to recover the value of such property. U. S. v. Daniel, 6 How. [47 U. S.] 11.

An analogous principle is applicable to proceedings in equity, and hence if an interest or liability, which a suit has been instituted to enforce, is not determined by death, an abatement, by reason of the death of any litigant, may be averted by a bill of revivor.

An infringer of the rights of a patentee, is accountable, in equity, for the profits accruing to him by the appropriation to his own use, of the patentee's invention. These profits are property acquired by the infringer, which rightfully belong to the patentee. He may, therefore, instead of resorting to an action at law, to recover damages, commensurate with the loss caused by the unlawful act of the infringer, elect to treat him as a trustee of the profits realized by him, and enforce his accountability for them in that character in a court of equity. Cowing v. Rumsey [Case No. 3,296]. Upon such a basis, the equitable liability of an infringer is, clearly, not determined by his death, and a bill of revivor against his personal representatives will lie to prevent the abatement of the suit brought in his lifetime to enforce it.

It is urged, further, that, as there can be no decree for an injunction, the respondents cannot be compelled to account, because the equity for the account is strictly incident to the injunction. This is the doctrine of many of the English cases, of which Jesus College v. Bloom, 3 Atk. 264, is the leading one. Grierson v. Eyre, 9 Ves. 346; Baily v. Taylor, 1 Russ. & M. 73; Adams, Eq. 219. The reason of it, is that, as the grant of an injunction necessarily presupposes that the complainant has sustained a loss by the defendant's act, for which, in strict right, he is entitled to compensation in damages, of which a court of law appropriately has cognizance, and as a claim for such damages would involve the necessity of proceeding in two courts at once, in equity for injunction and at law for damages, the court of chancery having jurisdiction for the purpose of the injunction, will prevent that circuity and expense; and although it cannot decree damages for the complainant's loss, it will substitute an account of the defendants' profits. But, as was observed by Mr. Justice Grier, in Sickles v. Gloucester Manuf'g Co. [Case No. 12,841], "the exceptions to the rule have become so numerous, that the rule can hardly be recognized as existing," and, therefore, "whenever the subject-matter cannot be as well inves-

tigated in" an action at law, "a court of equity exercises a sound discretion in decreeing an account. See Corporation of Carlisle v. Wilson, 13 Ves. 276." The reason of the rule is, however, inapplicable to controversies in the federal courts, involving the rights of patentees of inventions under the laws of the United States, for, as Judge Grier further says: "Exercising our jurisdiction in these controversies, not by assumption for a special purpose only, or as ancillary to other tribunals, but, under plenary authority conferred by statute, the technical reason which compelled the English chancellor to refuse a decree for an account, where he could not decree an injunction, can have no application." And as this authority is amplified by the patent act of 1870, so as expressly to embrace the allowance of damages in an equitable proceeding for infringement, which were before recoverable only at law, there is no longer the semblance of reason for an imperative observance of the English rule in such contentions as this.

The demurrer is, therefore, overruled.